CLARKE B. HOLLAND (SBN 76805)
cholland@plawp.com
DAVID B.A. DEMO (SBN 153997)
ddemo@plawp.com
ANDREW P. COLLIER (SBN 232647)
acollier@plawp.com
PACIFIC LAW PARTNERS, LLP
2000 Powell Street, Ste. 950
Emeryville, CA 94608
Tel: (510) 841-7777
Fax: (510) 841-7776

R. LIND STAPLEY (Request to Admit Pro Hac Vice to be Filed)
stapley@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Ste 2000
Seattle, WA 98101-2570
(206) 624-1800
(206) 624-3583 (fax)

Attorneys for Defendant
OREGON MUTUAL INSURANCE COMPANY

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN BAKER AND MELANIA KING D/B/A CHLOE'S CAFÉ, a California general partnership, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OREGON MUTUAL INSURANCE COMPANY, an Oregon Corporation,<br><br>Defendant. | ) Case No.: 3:20-cv-05467-LB<br>)<br>)<br>) **DEFENDANT OREGON MUTUAL**<br>) **INSURANCE COMPANY'S**<br>) **OPPOSITION TO PLAINTIFFS'**<br>) **REQUEST FOR JUDICIAL NOTICE OF**<br>) **DOCUMENTS OFFERED BY**<br>) **PLAINTIFFS IN RESPONSE TO**<br>) **DEFENDANT'S RULE 12(b)(6)/RULE 56**<br>) **MOTION**<br>)<br>) **[Fed. R. Civ. Pro. 12(b)(6) and 56]**<br>)<br>)<br>) Date: December 3, 2020<br>) Time: 9:30 a.m.<br>) Location: Magistrate Judge<br>) Laural Beeler, Via Webinar |

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

Defendant Oregon Mutual Insurance Company ("OMI") opposes plaintiffs' request for judicial notice of documents (Doc. 24-1) ("Plaintiffs' RJN") that plaintiffs have asked the Court to accept in support of plaintiffs' opposition to OMI's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure and, alternatively, for summary judgement under Federal Rule of Civil Procedure 56 (the "Motion"), for the following reasons.

Except as to two of Governor Gavin Newsom's Executive Orders (those numbered N-25-20 dated 3/12/2020 and N-33-20 dated 3/19/2020), pursuant to Federal Rule of Evidence 103, OMI objects to all of the extrinsic evidence offered in Plaintiffs' RJN which plaintiffs have submitted as Exhibits A – G in their request.

**Exhibits A, B, D, E, F and G**:

OMI objects to each of these exhibits because they are not relevant to the issues raised by OMI's instant motion.  Fed. R. E. 401.

**Exhibit A** (*N. State Deli*) is a trial court ruling from a state judge in Durham County, NC.  The decision is not relevant here because it was decided under North Carolina law, whereas the instant motion is to be determined under California law.  More important, the applicable insurance policy language at issue in that out-of-state case is very different from that bar.  The insuring language there provided business income coverage for the suspension of business operations broadly due to "loss to property" (Doc. 24-1, p. 10) as opposed of that in OMI's Policy at bar which requires the suspension to have been the result of "direct physical loss of or damage to property at the described premises."

**Exhibit B** (*Taps & Bourbon on Terrace*) and **Exhibit F** (*Ridley Park Fitness LLC*) are each one-page rulings by Pennsylvania state court judges.  They are identical and appear to contain boilerplate language.  In both cases, the courts simply overruled preliminary objections to plaintiffs' complaints by declaring: "At this very early stage, it would be premature for this court to resolve the factual determinations put forth by defendant to dismiss plaintiff's claims."  (Doc. 24-1, pp. 18, 449.).  These thin orders are of no value here, especially because there is absolutely no discussion of the pertinent insurance

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1    policy language, the facts of the claims, the controlling legal authorities or the court's

2    reasoning.

3    **Exhibits D/E** (*Optical Services USA*) is a New Jersey pleading case that similarly does

4    not reflect any significant analysis of the business income loss issue.  Instead, the state

5    court judge, applying New Jersey law instead of California law, found that defendant's

6    motion to dismiss was untimely:  "motion is premature at best." (Doc. 24-1, p. 439.).

7    That was because "there is limited legal authority in the State of New Jersey addressing

8    this issue."  (*Id*.). For that reason, the court acknowledged that plaintiffs were

9    "advancing a novel theory of insurance coverage" such that "this Court must afford the

10   plaintiffs an opportunity to engage in issue-oriented discovery" in order to establish the

11   record and "to amend the complaint accordingly is required."  (*Id.* pp. 442-443.)

12   Nothing in the ruling is pertinent here to the Motion.

13   **Exhibit G** (*Francois, Inc.*) has the same problems.  As with the two Pennsylvania orders

14   discussed above, this ruling from Lorain County Ohio is one page in length and contains

15   no analysis of the issue of coverage for COVID-related business income loss claims.

16   Indeed, the short ruling does not even explain what claims are at issue, nor the specific,

17   or even general, nature of the insurance policy provisions involved there.  As with all of

18   the out-of-state cases plaintiffs here ask the court to recognize, this Ohio decision is

19   neither relevant nor helpful here in this Motion.

20   **Exhibit C** is what plaintiffs label as a "Composite."  It contains 391 pages, made up of

21   nearly 100 separate documents.  Despite the volume of these materials, plaintiffs'

22   Opposition brief contains merely 2 sentences to discuss the myriad of materials

23   comprising Exhibit C.  Plaintiffs write:

24          Here, numerous legislative and executive bodies in the states of California, New

25          York, Florida, Texas, Colorado and North Carolina issued fact-based

26          determinations that make clear that COVID-19 results in direct physical loss or

27          damage. See Composite Exhibit C. Given these legislative and executive

28          findings, by alleging that the Plaintiffs suffered "direct physical loss or

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1    damage"—and, as explained above, they did much more than that—the Plaintiffs

2    adequately state a claim for relief.  (Opposition/Doc. 24, p. 26.)

3    OMI objects to these materials to the extent they have nothing to do with California law

4    or the circumstances of plaintiffs claim.  The bulk of them are various out of state

5    orders, decrees, proclamations and the like, from places such as the New York's

6    Mayor's office, Broward County Florida, Harris County Texas, US Dept. of Homeland

7    Security, City of Oakland Park Florida, Panama City Florida, Hillsborough Illinois,

8    Colorado's Dept. of Public Health & Environment, and Durham North Carolina's

9    Mayor's office.  All of those are irrelevant and inadmissible here.  Fed. R. E. 401.

10   Exhibit C also contains numerous materials from San Francisco Mayor London Breed,

11   the San Francisco City Attorney's office, Governor Newsom's office, as well as a

12   sundry of other memos, emails and other communications from and to other government

13   officials.  Nearly all of those items are not germane to the instant motion and should not

14   be accepted by the Court.

15   The only relevant portions of Exhibit C are those that caused plaintiffs' restaurant's

16   operations to become disrupted.  As discussed in the instant Motion, Governor

17   Newsom's March 12 and 19, 2020 orders, along with the City of San Francisco's March

18   16 and 31, 2020, shelter in place orders, were the only operative governmental measures

19   that caused Chloe's Café to disrupt its business by requiring dine-in service to cease.  To

20   the extent that Exhibit C reflects those relevant orders, OMI does not object to the

21   Court's consideration of them.  Indeed, those orders are the subject of OMI's separate

22   request for judicial notice.  (Doc. 11.).  All of the other extraneous material in Exhibit C

23   should be disregarded.

24   DATE:    November 23, 2020            PACIFIC LAW PARTNERS, LLP

25

26

27                                          _/s/ David B.A. Demo
                                            DAVID B.A. DEMO (SBN 153997)
                                            Attorney for Defendant OREGON
28                                          MUTUAL INSURANCE COMPANY