1  CLARKE B. HOLLAND (SBN 76805)
   cholland@plawp.com
2  DAVID B.A. DEMO (SBN 153997)
   ddemo@plawp.com
3  ANDREW P. COLLIER (SBN 232647)
   acollier@plawp.com
4  PACIFIC LAW PARTNERS, LLP
   2000 Powell Street, Ste. 950
5  Emeryville, CA  94608
   Tel:  (510) 841-7777
6  Fax:  (510) 841-7776

7  R. LIND STAPLEY (Request to Admit Pro Hac Vice to be Filed)
   stapley@sohalang.com
8  Soha & Lang, P.S.
   1325 Fourth Ave., Ste 2000
9  Seattle, WA  98101-2570
   (206) 624-1800
10 (206) 624-3583 (fax)

11 Attorneys for Defendant
   OREGON MUTUAL INSURANCE COMPANY

12

13             UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15             SAN FRANCISCO DIVISION

16

17 STEVEN BAKER AND MELANIA KING          ) Case No.:  3:20-cv-05467-LB
   D/B/A CHLOE'S CAFÉ, a California general )
18 partnership, individually and on behalf of )
   themselves and all others similarly situated, ) **DEFENDANT OREGON MUTUAL**
19                                          ) **INSURANCE COMPANY'S**
                                            ) **OPPOSITION TO MOTION OF UNITED**
20          Plaintiffs,                     ) **POLICYHOLDERS TO SUBMIT AN**
                                            ) **AMICUS CURIAE MEMORANDUM OF**
21     vs.                                  ) **POINTS AND AUTHORITIES IN**
                                            ) **OPPOSITION TO DEFENDANT'S**
22 OREGON MUTUAL INSURANCE              ) **MOTION TO DISMISS**
   COMPANY, an Oregon Corporation,          )
23                                          )
                                            )
24          Defendant.                      )
                                            )
25                                          )
                                            )
26 _____ )

27 / / /

28 / / /

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA  94608
(510) 841-7777 - Facsimile (510) 841-7776

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

## I.  INTRODUCTION

United Policyholders' motion for leave to file an amicus curiae brief does not meet the standards for granting such permission – the brief would not help the court.  Moreover, the motion is so untimely that the proposed amicus brief is effectively a surreply.  The court should deny the motion for leave to file.

## II.  THE PROPOSED BRIEF DOES NOT MEET THE *RYAN* TEST

The Seventh Circuit articulated a test for identifying when an amicus curiae brief may be appropriate.  *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).  Judge Posner identified three circumstances in which an amicus brief could be filed:

> (a)  when a party is not represented competently;
>
> (b)  when the amicus curiae has an interest in some other case that may be affected by the decision in the present case;  or
>
> (c)  when the amicus has unique information or perspective that can help the court beyond the help provided by the parties' attorneys.

*Id.*  If the proposed amicus curiae brief does not meet one of the three prongs, then leave to file it should not be granted.  *Id.*

While the *Ryan* test was articulated in the appellate context, district courts use the test as well.  E.g., *Barnes-Wallace v. Boy Scouts of America* (S.D. Cal., Mar. 23, 2004, No. 00CV1726-J (AJB)) 2004 WL 7334945, at *1; *Gabriel Technologies Corp. v. Qualcomm Inc.* (S.D. Cal., Mar. 13, 2012, No. 08CV1992 AJB MDD) 2012 WL 849167, at *4; *Merritt v. McKenney* (N.D. Cal., Aug. 27, 2013, No. C 13-01391 JSW) 2013 WL 4552672, at *4;  *Cobell v. Norton* (D.D.C. 2003) 246 F.Supp.2d 59, 62.

UP's motion does not satisfy the *Ryan* test.

### A.  Incompetent Counsel

Under prong (a) of the *Ryan* test, an amicus brief may be useful when a party's attorneys are not competent.  In other words, an amicus brief is ***not*** useful if the party's attorneys are competent.  Indeed, Judge Ishii of the Eastern District of California held that an amicus brief "is seldom appropriate at the level of the trial level where the parties are adequately represented by

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1   experienced counsel." (*ForestKeeper v. Elliott* (E.D. Cal. 2014) 50 F.Supp.3d 1371, 1380.)

2      Here, UP does not suggest that plaintiffs are not competently represented by their own

3   counsel.  Nor would such a suggestion pass muster.  Plaintiffs' counsel are accomplished

4   lawyers who need no assistance in advocating their clients' position in this matter.  UP's brief is

5   not needed on that count.

6      **B.      Effect On Another Case Involving The Amicus**

7      Under *Ryan*'s prong (b), an amicus may be permitted to file a brief if it has an interest in

8   some other case that would be affected by the decision in this case.  UP has not identified any

9   such case.  It merely states that policyholders in general may be affected by this court's decision

10  on Oregon Mutual's motion to dismiss.  That is not enough to justify adding another voice to

11  this case.  If the standard were that vague, there should be no need to obtain leave of court

12  before filing an amicus brief.  UP's proposed brief is not justified under the second prong.

13     **C.      Unique Information Or Perspective**

14     Under prong (c) of the *Ryan* test, leave may be granted for an amicus brief if the

15  proposed amicus has unique information or perspective that the parties' attorneys lack.  The

16  rationale is that the unique perspective will "help the court beyond the help that the lawyers for

17  the parties are able to provide."  *Cobell v. Norton,* 246 F Supp 2d 59, 62 (D.D.C.2003).

18     As *Ryan* stressed, "The term 'amicus curiae' means friend of the court, not friend of a

19  party." [1] *Ryan*, 125 F.3d at 1063.  This means a court may grant leave to file an amicus brief *if*

20  the information offered is useful to the court.  *Long v. Coast Resorts, Inc.* (D. Nev. 1999) 49

21  F.Supp.2d 1177, 1178.

22     However, a proposed "amicus curiae" brief that does not help the court by bringing a

23  new perspective should not be filed or considered.  UP does not suggest its perspective is any

24

25

26  [1] For this reason, a motion to file an opposition to a party's brief indicates that the amicus curiae is attempting to exceed its role as friend of the court. *NGV Gaming, Ltd. v. Upstream Point Molate, LLC* (N.D. Cal. 2005) 355 F.Supp.2d 1061, 1068, *disapproved on other grounds in later*

27  *proceedings sub nom. Guidiville Band of Pomo Indians v. NGV Gaming Ltd.* (N.D. Cal., Oct. 19, 2005, No. C 04-3955-SC) 2005 WL 5503031, *rev'd in part, vacated in part* (9th Cir. 2008) 531

28  F.3d 767

---

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776

1  different from the policyholders who are plaintiffs in this case. UP's motion does not meet the

2  requirements of prong (c), and leave should not be granted to file it.

3  **III.  THE BRIEF IS UNTIMELY**

4  A proposed amicus brief must not only be useful, it must be offered timely. *Long,* 49

5  F.Supp.2d at 1178. Oregon Mutual filed its 12b6 motion on October 15, 2020; plaintiffs filed

6  their opposition November 16, 2020; Oregon Mutual filed its reply November 23rd.

7  Instead of filing its motion timely, UP waited. UP waited until December 7, 2020 to

8  request leave to file its opposition to Oregon Mutual's motion. It filed its motion for leave: over

9  50 days after Oregon Mutual's motion was filed; 21 days after plaintiffs' opposition; and two

10  weeks after Oregon Mutual's reply.

11  But for a continuance, UP's motion would have been filed only three days before the

12  hearing. The hearing on Oregon Mutual's 12b6 motion was set for December 10, 2020. Four

13  hours before UP filed its motion, the December 7th hearing was continued to December 17,

14  2020. The continuance was not related to UP's filing.

15  Instead of waiting to the last minute, an amicus should file its brief in time to give the

16  opposing party the opportunity to address the amicus's arguments. *See* FRAP 29(a)(6) [amicus

17  brief must be filed soon after the principal brief of the party being supported]. In the guise of

18  submitting an amicus brief, UP has effectively submitted a surreply. It is not providing unique

19  insight, but is taking a second go at arguments that were made in the opposition filed last month.

20  But amici curiae are not permitted to file reply briefs (FRAP 29(a)(7)), much less sur-replies

21  (Civil L.R. 7-3(d)).

22  **IV.  CONCLUSION**

23  UP does not meet the three prongs of the *Ryan* test for filing an amicus curiae brief.

24  Because plaintiffs' counsel are unquestionably competent, prong (a) of the test does not apply.

25  UP has not identified any pending case wherein its interests would be affected by the outcome

26  of this case, so it does not meet prong (b). Finally, UP does not offer a unique perspective that

27  the plaintiff policyholders do not already bring. Therefore, prong (c) is not met.

28  / / /

1  In addition, UP delayed so long in filing its motion, that the proposed brief would serve

2  as a surreply. By waiting until the last minute, UP has deprived Oregon Mutual of the

3  opportunity to respond meaningfully.

4      UP's proposed opposition memorandum does not qualify as a brief that will help the

5  court. The motion for leave to file it should be denied.

6

7  DATED: December 8, 2020          PACIFIC LAW PARTNERS, LLP

8

9                                   /s/Clarke B. Holland
                              By:   _____
10                                  CLARKE B. HOLLAND
                                    DAVID B.A. DEMO
11                                  ANDREW P. COLLIER
                                    Attorneys for Defendant
12                                  OREGON MUTUAL INSURANCE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pacific Law Partners, LLP
2000 Powell Street, Suite 950
Emeryville, CA 94608
(510) 841-7777 - Facsimile (510) 841-7776