David B. Goodwin (Cal. Bar No. 104469)
Sylvia Huang (Cal. Bar No. 313358)
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: dgoodwin@cov.com; syhuang@cov.com

Attorneys for UNITED POLICYHOLDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN BAKER AND MELANIA KANG D/B/A CHLOE'S CAFE,<br><br>Plaintiffs,<br><br>v.<br><br>OREGON MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO: 3:20-cv-05467-LB<br><br>**REPLY IN SUPPORT OF MOTION OF *AMICUS CURIAE* UNITED POLICYHOLDERS TO SUBMIT MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 17, 2020<br>Time: 9:30 a.m.<br>Location: Magistrate Judge<br>            Laurel Beeler, Via Webinar |

In considering Oregon Mutual Insurance Company's motion to dismiss, this Court confronts an issue of critical importance for policyholders affected by COVID-19 and related public safety orders: Does a government closure order that deprives a policyholder of the use of covered property constitute "direct physical loss or damage." Given the potential significance of this Court's ruling, United Policyholders ("UP") seeks to fulfill the long-accepted role of *amici curiae* to bring to the Court's attention relevant California authority bearing on this issue. Oregon Mutual urges this Court to deny UP's motion for leave to file the proposed *amicus* brief, and essentially forego consideration of the many apposite California state precedents UP has submitted to help guide the Court's evaluation of California law. Oregon Mutual's position is counterproductive and lacks basis.

There is no question that UP has a compelling interest in this case. UP is a consumer advocacy group that acts and speaks on behalf of thousands of insurance policyholders in California and across the country. The outcome of the Court's decision could broadly affect the scope of coverage for losses that many of these policyholders may incur from the COVID-19 pandemic and attendant public safety orders. Even setting aside UP's direct interest in the present case, courts liberally permit an *amicus curiae* to brief a matter of public interest, where the amicus offers different information or perspective that can help the court in resolving the issues presented. *See California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Pickup v. Brown*, No. CV S-12-2497 KJM-EFB, 2012 WL 12965030, at *1 (E.D. Cal. Nov. 21, 2012). As to Oregon Mutual's other complaint, UP's *amicus* brief—filed 10 days before the hearing on Oregon Mutual's motion—is timely.

This Court should grant leave to UP to file its *amicus curiae* memorandum.

## ARGUMENT

Oregon Mutual concedes that it is appropriate for this Court to grant UP's motion for leave to file an *amicus* brief if (1) UP is affected by the ruling *or* (2) if UP's *amicus* brief presents a different perspective on the issues to the Court. *See* Opp. at 2. Both these grounds are satisfied.

"District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *Ctr. for Biological Diversity v. Jewell*, 2013 WL 4127790, at *4 & n.40 (N.D. Cal. Aug. 9, 2013) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)). Such is the case here. This Court's adjudication of the recurring legal issue of whether the perils posed by the coronavirus pandemic constitute covered "physical loss or damage" may bear directly on the prospects of insurance recovery for pandemic-affected policyholders throughout California (and beyond). As a policyholder advocacy organization, UP has a strong interest in ensuring that policyholders receive the full amount of insurance coverage available to them under the insurance policies that insurers like Oregon Mutual prepared and sold to them. Indeed, UP serves as an information resource for individual and commercial insurance consumers throughout the United States and has assisted individual and small business policyholders throughout the United States with thousands of insurance claims over its almost 30 years of existence, including in the wake of large-scale national disasters. UP has also specifically been engaged to assist business owners around the country whose operations have been affected by COVID-19 and public safety orders.

Further, "[a]n amicus brief should normally be allowed" when it "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Pickup v. Brown*, No. CV S-12-2497 KJM-EFB, 2012 WL 12965030, at *1 (E.D. Cal. Nov. 21, 2012) (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). Again, that is precisely the case here. As a policyholder advocate with deep insurance industry knowledge that has filed *amicus* briefs in federal and state appellate courts in more than 450 cases, including more than 40 published appellate decisions applying California law, UP's *amicus* brief represents a different perspective from that of Plaintiff Chloe Cafe in this case. UP's brief also offers a helpful perspective because UP's briefs have been cited with approval by the California Supreme Court, the highest tribunal enunciating the law that governs this case.

It bears adding that, while insurers are "repeat players" in coverage litigation, most policyholders are not. *Coleman v. Gulf Ins. Group*, 41 Cal. 3d 782, 806 n.9 (1986) (Bird, C.J., dissenting); *see also Travelers Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 901 F.2d 765, 771 (9th Cir. 1990) (describing insurance companies as "institutional litigants"). Thus, if UP were denied the opportunity to present its arguments and authorities, from the perspective of a policyholder advocacy group steeped in insurance law, while Oregon Mutual, an insurer, retained its position as the only institutional litigant in this case, the Court then would be deprived of a symmetry of advocacy necessary for the fair and even-handed development of COVID-19 insurance law.

There is no downside to granting UP's motion for leave to file the amicus brief. In this Circuit, courts have routinely "held it is 'preferable to err on the side of permitting amicus briefs.'" *Earth Island Institute v. Nash*, 2019 WL 6790682, at *2 (E.D. Cal. Dec. 12, 2019) (quoting *Duronslet v. Cty. of Los Angeles*, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017), and in turn citing *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.)) (brackets and some quotation marks omitted). This is so because "if the filed amicus brief 'turns out to be unhelpful,' the court 'can then simply disregard' it." *Id.* (quoting *Cal. v. U.S. Dep't of Labor*, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014)). "On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *U.S. Dep't of Labor*, 2014 WL 12691095, at *1. Moreover, UP would likely be granted leave to file an *amicus* brief before the Ninth Circuit on this issue and would raise the same arguments as it does here; there is no value in depriving the district court of policyholder insights and advocacy that will be available to the Ninth Circuit on appeal when reviewing this Court's reasoning.

Finally, contrary to Oregon Mutual's assertion (for which the insurer cites no authority), UP's *amicus* brief is not untimely. Rather, UP filed its motion for leave to file the *amicus* brief and the proposed *amicus* brief ten days in advance of the hearing on Oregon Mutual's motion to dismiss. *See Nash*, 2019 WL 6790682, at *1-2 (authorizing filing of *amicus* brief "filed a week before the hearing on the pending motion for preliminary injunction").

## CONCLUSION

For these reasons, United Policyholders asks this Court to grant its motion for leave to file an *amicus curiae* brief.

DATED: December 9, 2020

Respectfully submitted,

COVINGTON & BURLING LLP

By:    */s/ David B. Goodwin*
      David B. Goodwin

Attorney for Amicus Curiae
UNITED POLICYHOLDERS

4