1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

STEVEN BAKER AND MELANIA KANG
D/B/A CHLOE'S CAFÉ, a California
general partnership, individually and behalf
of themselves and all others similarly
situated,

Case No. 20-cv-05467-LB

12
13

**ORDER GRANTING MOTION TO
DISMISS**

14

Plaintiffs,

Re: ECF No. 10

15

v.

16

OREGON MUTUAL INSURANCE
COMPANY,

17

Defendant.

18

19

**INTRODUCTION**

20      The plaintiffs have a restaurant in San Francisco called Cloe's Cafe. When San Francisco — in

21    response to the COVID-19 pandemic — prohibited indoor dining, the plaintiffs lost money as a

22    result. They then submitted a claim for their business losses to their insurer, Oregon Mutual.

23    Oregon Mutual denied the claim on the ground that the policy covered only business losses

24    resulting from "direct physical losses" causing "direct physical loss of or damage to the insured

25    property." The plaintiffs then sued — on behalf of themselves and a nationwide class — for a

26
27
28

ORDER – No. 20-cv-05467-LB

United States District Court
Northern District of California

1   declaratory judgment on the issue of coverage.[1] Oregon Mutual moved to dismiss the case under

2   Federal Rule of Civil Procedure 12(b)(6) on the ground that the policy did not cover the losses.

3   The court grants the motion.

4   <center>**STATEMENT**</center>

5   The policy's Business Income coverage provides that Oregon Mutual will pay for lost business

6   income that (1) Cloe's Cafe "sustain[s] due to the necessary suspension" of its operations "during

7   the "period of restoration" (2) caused by "direct physical loss of or damage to" the insured

8   property. The loss or damage "must be caused by or result from a Covered Cause of Loss."

9   "Covered Cause of Loss" is defined as non-excluded "[r]isks of direct physical loss."[2]

10  "Suspension is defined as (1) the partial slowdown or cessation of business activities, and (2) the

11  premises (in part or all) are rendered untenantable, if coverage for Business Income applies."[3]

12  Similarly, the policy specifies that Oregon Mutual will pay for necessary "Extra Expenses"

13  incurred during the "period of restoration" incurred from direct physical loss to or damage from a

14  "Covered Cause of Loss." Oregon Mutual also must pay for "the actual loss of Business Income

15  … and necessary Extra Expense caused by action of civil authority that prohibits access" to the

16  insured property "due to direct physical loss of or damage to property, other than at the described

17  premises, caused by or resulting from any Covered Cause of Loss."[4] The "period of restoration"

18  (1) begins 72 hours after the time of direct physical loss or damage (for Business Income) and

19  immediately after the time of direct physical loss or damage (for Extra Expense Coverage) and (2)

20  ends on either the date when the property is "repaired, rebuilt, or replaced" or the date when

21  business resumes at a new location.[5]

22

23

24

25  [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

26  [2] BI Form, Ex. 5 to OMI's RJN – ECF No. 11-5 at 54 (§ I.A.3.).

27  [3] *Id.* at 58 (§ I.A.5.f(3)(a)–(b)).

[4] *Id.* at 59 (§ I.A.5.i.).

28  [5] *Id*. at 74 (§ I.H.8.a.(1)–(2)).

<div style="writing-mode: vertical">United States District Court<br>Northern District of California</div>

1   On December 17, 2020, the court held a hearing on Oregon Mutual's motion to dismiss. The

2   parties consented to magistrate-judge jurisdiction.[6]

3

4   **STANDARD OF REVIEW**

5   A complaint must contain a "short and plain statement of the claim showing that the pleader is

6   entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

7   which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

8   complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

9   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

10  recitation of the elements of a cause of action will not do. Factual allegations must be enough to

11  raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

12  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which

13  when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

14  U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when

15  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

16  defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a

17  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

18  unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are

19  merely consistent with a defendant's liability, it stops short of the line between possibility and

20  plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

21  If a court dismisses a complaint, it should give leave to amend unless the "pleading could not

22  possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co*.,

23  848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

24

25

26

27

28  ───────────────
[6] Consents – ECF Nos. 6 & 23.

United States District Court
Northern District of California

**ANALYSIS**

Oregon Mutual moved to dismiss the plaintiffs' complaint because the loss of income resulted from San Francisco's orders suspending indoor dining, which is not a covered "direct physical loss." The court grants the motion.[7]

The majority view — including in this district — is that "direct physical loss" provisions, like the ones in the insurance contract here, do not cover lost business income or expenses resulting from closure orders like the one here. *See, e.g.*, *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.,* No. 20-CV-04434 JSC, 2020 WL 5642483, at *3 (N.D. Cal. Sept. 22, 2020) ("Nothing in the complaint . . . supports an inference that . . . the Closure Orders themselves caused damage"); *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 20-CV-03213-JST, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020) (because the plaintiff did not allege that COVID-19 or any other physical impetus caused the loss of functionality of its store, and instead alleged only that the government-closure orders caused the loss, it did not plausibly plead "a direct physical loss of property" under the insurance policy).

The plaintiffs contend that the virus is causing physical loss or damage, citing statements from the mayors of San Francisco and Los Angeles that they issued the closure orders because the virus was "causing property loss or damage due to" its attachment to surfaces "for prolonged periods of time."[8] These allegations do not plausibly plead a "direct physical loss of or damage to property" covered by the policy. The plaintiffs do not allege (for example) a loss of functionality resulting from infection. *Mudpie*, 2020 WL 5525171, at *5; *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, No. 20-cv-03750-WHO, 2020 WL 65622332, at *4 (N.D. Cal. Nov. 9, 2020) (actual contamination would be a covered loss, but a mere threat was not; the plaintiff "pleads that coronavirus was rapidly spreading in Hawaii but fails to allege its *presence* in any of its properties and a *manifestation* of imminent threat of contamination in any of its properties") (emphasis in

---

[7] In an exercise of its discretion, the court considers the amicus brief. *Levin Richmond Terminal Corp. v. City of Richmond,* No. 20-CV-01609-YGR, 2020 WL 5074263, at *1, n.1 (N.D. Cal. Aug. 27, 2020). The court also grants the parties' respective requests to take judicial notice of public records and court orders. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[8] Opp'n – ECF No 24 at 13; Compl. – ECF No. 1 at 8 (¶¶ 41–42).

United States District Court
Northern District of California

original). "The cases consistently conclude that there needs to be some physical tangible injury (like a total deprivation of property) to support 'loss of property' or a physical alteration or active presence of a contaminant to support 'damage to' property." *Water Sports*, 2020 WL 65622332, at *6 (collecting cases). Also, a "detrimental economic impact" from the plaintiffs' inability to host indoor dining is "not sufficient" to trigger coverage. *Mortar & Pestle Corp. v. Atain Specialty Ins. Co.*, 20-cv-03461-MMC, Tr. – ECF No. 30 at 31:1–5.

In sum, the plaintiffs plead only that their claimed losses were the result of government closure orders. That temporary dispossession does not state a claim. *Mudpie*, 2020 WL 5524171, at *4. The end date for the period of restoration — when the property is repaired, rebuilt, or replaced — also shows that the damage covered by the policy is physical and that the plaintiffs are not entitled to Business Income coverage. *Id.*; *accord Water Sports*, 2020 WL 6562332, at *6 (the plaintiff did not allege any "direct physical anything that happened to or at its specific properties" and was not "dispossessed . . . of any specific property; its inventory and equipment remain;" it complained only of loss of use, which does not trigger coverage).

## CONCLUSION

The court grants the motion to dismiss and gives the plaintiffs leave to file an amended complaint within 30 days. This disposes of ECF No. 10.

**IT IS SO ORDERED.**

Dated: January 4, 2021

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California